## PEARCE v. LEHIGH VALLEY R. CO.
### No. 9135.

Circuit Court of Appeals, Third Circuit. Argued June 18, 1946.

Decided Aug. 19, 1946.

Charles W. Broadhurst, of Jersey City, N. J. (Collins & Corbin and Edward A. Markley, all of Jersey City, N. J., on the brief), for appellant.

Harry Cohn, of Newark, N. J. (David Roskein, of Newark, N. J., and John A. Laird, of Hoboken, N. J., on the brief), for appellee.

Before BIGGS and O'CONNELL, Circuit Judges, and KALODNER, District Judge.

O'CONNELL, Circuit Judge.

Plaintiff, employed by defendant carrier as a machinist's helper at its roundhouse, was injured by a fall from the catwalk of an engine. He brought an action under the Federal Employers' Liability Act, § 1, 45 U.S.C.A. § 51, claiming damages for his injuries "resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment."

The trial judge submitted the case to the jury which brought in a verdict in the sum of $2,000 in favor of the plaintiff. Judgment was accordingly entered for the plaintiff. We are urged to reverse the judgment and to grant judgment n. o. v. in favor of the defendant on the ground that there was no evidence of negligence which was the proximate cause of the plaintiff's injuries.

The incident which resulted in the plaintiff's injuries occurred around 3 a. m. on December 16, 1942. Plaintiff was inspecting and making necessary adjustments to the equipment on one of defendant's engines. To accomplish his mission, he had to walk across the running board, or catwalk, which extends 34 feet along the side of the engine from the front end back to the engineer's cab. The catwalk is a nar-row length of steel about 8½ feet above the ground. The weather on the night in question had been dark and stormy with snow and winds prevailing. Because the engine was warm, the falling snow melted into slush and water on the catwalk. As he walked back along the catwalk, plaintiff held on to a handrail fastened to the boiler. After proceeding about 15 feet he lost his footing and fell off the running board, suffering the injuries complained of.

In support of the charge of negligence, plaintiff submitted proof of inadequate lighting of the running board where he was required to work. Plaintiff testified that from April 1942 to September 1942, the defendant had used a floodlight for illuminating that part of the locomotive. Sometime previous to the night in question an unidentified person had removed it. On the night of his fall, it had not been in use. William Golding, a co-employee of plaintiff, corroborated this testimony. He described the illumination of the inspection pit where he and the plaintiff worked on the night the accident occurred. He testified that the vertical lights used by the defendant were so placed that the illumination occurred below the level of the catwalk and that there was no other lighting of the upper part of the locomotive, including the running board.

This was evidence from which the jury might properly have concluded that the defendant had been negligent in failing to supply proper lighting and that by reason of an insufficiency of the lighting equipment the plaintiff suffered his injuries. We need not speculate whether the proximate cause of plaintiff's fall might also properly—or even more logically—be attributed to some factor other than the lack of illumination. The plaintiff's proof was sufficient to go to the jury on negligence and causation. Consequently, we are powerless to disturb the jury's verdict. Tennant v. Peoria & P. U. Ry. Co., 1944, 321 U.S. 29, 64 S.Ct. 409, 88 L.Ed. 520; Tiller v. Atlantic Coast Line, 1945, 323 U. S. 574, 65 S.Ct. 421, 89 L.Ed. 465; Cf. Boston & M. R. R. v. Cabana, 1 Cir., 1945, 148 F.2d 150; certiorari denied 1945, 325 U.S. 873, 65 S.Ct. 1414, 89 L.Ed. 1991.

Defendant's contention that the learned court below erred in refusing to charge its requests numbers 12 and 13 is without merit. As the issues developed, these charges were not apropos. We find no error in the court's charge.

Judgment affirmed.